Mr. Justice ThacheR
delivered the opinion of the court.
Millsaps filed a motion in the circuit court against the sheriff of Smith county and his sureties, for voluntarily and without authority omitting to make the money upon a certain fieri facias regularly issued and placed in his hands, and in which said Millsaps was plaintiff. Upon the hearing, the fieri facias was produced, and it was found to bear this return : “Proceedings on this fi. fa. stayed by writ of injunction obtained in chan-ceiy.” The writ of injunction was likewise produced.
*311 It is contended, that if the return of the sheriff upon a fieri facias does not show a default upon his part, the motion, in its present form, does not lie. The return of a sheriff made in the discharge of duty required by law, derives its force from being an official act. It is evidence between third persons, and also in some cases in favor of the sheriff, when he is a party, and when he becomes liable by such return. ,But where the return shows a reason or excuse for an omission to perform the duty required by the writ, it is not conclusive evidence in favor of the officer. Such a rule would be to permit the sheriff to make evidence in justification of his evasion of duty. Rowand v. Gridley, 1 H. 210.
In this case, it is true that the return of the sheriff did not conclusively show that he had not “ voluntarily and without authority omitted to levy the fieri facias,” but in support of his return he introduced in evidence the writ of injunction itself. This constituted ample authority upon the sheriff to stay his proceedings upon the fieri facias.
When an injunction is granted, it is sometimes the practice to combine the writ of injunction with the subpoena, in which case it is the duty of the clerk, out of whose office the subpoena issues, to indorse upon it that its effect is suspended, as to the injunction, until the party execute sufficient bond. H. & H. 515, sect. 44. But when a writ of injunction is issued in its separate shape, no such indorsement is required. It is true that a writ of injunction should not be issued by a clerk, except upon bond duly executed, but the service of such a writ upon a party is evidence to him that the preliminary bond has been duly executed. The case of Davis v. Dixon's Adm'r, 1 H. 64, as appears by an inspection of the original papers on file in this court, was a case where a sheriff omitted to proceed upon an execution upon the service of a subpoena out of chancery, containing an injunction indorsement upon it, but without the in-dorsement of the clerk, as required by the statute above quoted. In that case, also, the record contains no evidence that a bond was executed by the proper parties. It will be seen, therefore, that that case differs materially from the one now under consi *312 deration, and that the two cases illustrate the principle above set forth.
The judgment of the court below is therefore reversed, and this court, proceeding to give the judgment which the court below should have given, directs that the plaintiff in the circuit court take nothing by his motion.